[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DATE OF SENTENCE: 31 May 1996 DATE OF APPLICATION: 1 July 1996 DATE APPLICATION FILED: 1 July 1996*
DATE OF DECISION: 25 March 1997
Brian Stapleton, Esq., For the Petitioner.
Lawrence Tytla, Esq., For the State of Connecticut.
Application for review of sentence imposed by the Superior Court, Judicial District of New London. Docket Number CR-10-229044, 229954.
MEMORANDUM OF DECISION
The record shows the petitioner pled guilty to the crime of Criminal Attempt Assault 1st in violation of Connecticut General Statutes 53a-49/53a-59 and Possession of Marijuana with intent to sell in violation of Connecticut General 21a-277 (b). In the assault conviction the petitioner was given fourteen years after serving six years with probation for four years. The marijuana conviction the petitioner was given two years to serve for a total effective sentence of fourteen years suspended after six years with four years probation.
The record shows that the Groton City Police responded to a report of gunshots fired. Once on the scene the officers found an automobile with three occupants that had been struck by gunfire. One of the passengers was shot superficially in the left buttock. Subsequent investigation showed that the dispute was centered around a bag of marijuana. The petitioner admitted to the police that he fired the shots from CT Page 3805 his vehicle.
At the hearing for the petitioner his counsel admitted this was an incident in which a drug deal had gone bad. Counsel noted the petitioner admitted he fired the gun and that at the time of the incident he was enlisted in the U.S. Navy. As a result of this incident the petitioner has become a convicted felon and was dishonorably discharged from the Navy. In asking this panel to lower the sentence imposed counsel noted that the petitioner came from a poor family in New York City. His upbringing was without his father's guidance and what guidance he gave to his family included spousal abuse. Counsel felt the petitioner survived well until he got into marital trouble, as he was convinced that his wife was having marital affairs. His attorney felt that the sentence imposed was too harsh as the petitioner was already punished severely since his career was destroyed and he is now a convicted felon. Finally the attorney noted that the petitioner's mother still provides tremendous support to the petitioner and couple that with his religious convictions that he will be successful once discharged from the criminal system.
Petitioner when he spoke to the panel sorrowfully noted that he already lost his whole life and career. He was truly sorry that he hurt his mother and he wants some mercy and forgiveness by this panel.
The attorney for the state informed the panel that the petitioner formed a partnership with a seventeen year old to sell drugs. When a drug deal went bad the petitioner went after the people responsible in a violent manner to protect his interests. The state felt that the petitioner was the principal in these drug sales and that the police found a .38 caliber gun and drug packaging equipment in his locker. The states attorney noted that the sentencing court actively took into consideration the defendant's navy career and the fact that he had no prior record. Counsel felt that the sentence imposed was minimal and asked the panel to find that the sentence is appropriate.
In reviewing the sentencing remarks of the trial court we find an effective and balanced presentation of the positive and negatives of the petitioner. The court favorably noted that the petitioner was a member in good standing in the Navy CT Page 3806 until he slid into the morass of the drug world. The court also gave credit to the petitioner for his acceptance of responsibility of this crime and that the petitioner has a potential to rise above this incident and do something positive in the future. In the court's comment it also noted the seriousness of the crime and the need for a penalty.
When this panel reviews sentences we must use P.B. 942 as a guide. Applying those standards this Review Division finds it to be appropriate and not disproportionate. IT IS AFFIRMED.
Norko, J.
Klaczak, J.
Stanley, J.